# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 18-1522V
Filed: November 10, 2022
UNPUBLISHED

| | |
|---|---|
| ERIN M. KINNEY,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>     Respondent. | Special Master Horner<br><br>Attorneys' fees and costs; interim award; withdrawing counsel |

*Phyllis Widman, Widman Law Firm, LLC, Northfield, NJ,* for petitioner.
*Neil Bhargava, U.S. Department of Justice, Washington, DC,* for respondent.

**DECISION AWARD INTERIM ATTORNEYS' FEES AND COSTS**[1]

  On October 2, 2018, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012).[2] (ECF No. 1.) An entitlement hearing has been set to commence in March of 2023. However, a consented motion to substitute attorney was filed on June 3, 2022. (ECF No. 82.) Prior to the filing of that motion, petitioner's prior counsel, Carol L. Gallagher, moved for an award of interim attorneys' fees and costs. (ECF No. 80.) In his response to the motion, respondent deferred to the undersigned's discretion in all regards, including whether there was good faith and a reasonable basis for filing the petition, whether an interim award is

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

[2] Within this decision, all citations to § 300aa will be the relevant sections of the Vaccine Act at 42 U.S.C. § 300aa-10-34.

1

appropriate, and the amount of any award. (ECF No. 81.) For the reasons discussed below, I award interim attorneys' fees and costs with reductions.[3]

## I. Good Faith and Reasonable Basis

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e). Petitioners who are denied compensation for their claims brought under the Vaccine Act may be awarded attorneys' fees and costs "if the Special Master or Court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." 42 U.S.C. § 300aa-15(e)(1); *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1360-61 (Fed. Cir. 2012). Such an award is within the discretion of the Special Master. 42 U.S.C. § 300aa-15(e)(1). Thus, even if a claim is brought in good faith and has a reasonable basis, a special master may still deny attorneys' fees. *See* 42 U.S.C. § 300aa-15(e)(1); *Cloer*, 675 F.3d at 1362. "Good faith" and "reasonable basis" are two distinct requirements under the Vaccine Act. *Simmons v. Sec'y of Health & Human Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017).

"Good faith" is a subjective standard. *Hamrick v. Sec'y of Health & Human Servs.*, No. 99-683V, 2007 WL 4793152, at *3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007). A petitioner acts in "good faith" if he or she holds an honest belief that a vaccine injury occurred. *Turner v. Sec'y of Health & Human Servs.*, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). The standard for finding good faith has been described as "very low," and findings that a petition lacked good faith are rare. *Heath v. Sec'y of Health & Human Servs.*, No. 08-86V, 2011 WL 4433646, *2 (Fed. Cl. Spec. Mstr. Aug. 25, 2011). "Reasonable basis," however, is an objective standard. Unlike the good faith inquiry, reasonable basis requires more than just petitioner's belief in her claim. *See Turner*, 2007 WL 4410030, at *6. In *Cottingham v. Secretary of Health & Human Services*, the Federal Circuit explained that to demonstrate a "reasonable basis," the petitioner must come forward with objective evidence relating to the Vaccine Act's prima facie petition requirements for the filing of a claim. 971 F.3d 1337, 1345-46 (Fed. Cir. 2020).

In general, a reasonable basis analysis "may include an examination of a number of objective factors, such as the factual basis of the claim, the medical and scientific support for the claim, the novelty of the vaccine, and the novelty of the theory of causation." *Amankwaa v. Sec'y of Health & Human Servs.*, 138 Fed. Cl. 282, 289 (2018); *accord Cottingham*, 971 F.3d 1337. "More than a mere scintilla but less than a preponderance of proof could provide sufficient grounds for a special master to find reasonable basis." *Cottingham*, 971 F.3d at 1346. For the reasonable basis requirement, "the burden is on the petitioner to affirmatively demonstrate a reasonable basis." *McKellar v Sec'y of Health & Human Servs.*, 101 Fed. Cl. 297, 305 (2011).

---

[3] It should be noted that petitioner's motion includes a typographical error with regard to the total amount requested. Petitioner requests $88,011.00 in attorneys' fees and $43,749.34 in attorneys' costs, which totals $131,760.34; however the motion indicates the total requested is $181,760.34. (ECF No. 80, p. 3.)

Here, petitioner has supported her claim through the filing of a report by a qualified medical expert. Although that opinion is challenged by respondent's expert and the ultimate persuasiveness of that report will not be determined until after the upcoming entitlement hearing, neither good faith nor reasonable basis has been challenged in this case. Upon my review of the record, the petition was filed in good faith and with a reasonable basis such that an award of attorneys' fees and costs is appropriate.

## II.  Availability of an Interim Award

Awards of interim fees and costs are discretionary and are intended to avoid undue hardship. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010). The fact that an attorney is withdrawing may be a circumstance that warrants an interim award, but it is not necessarily so. *Compare Wood v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 148 (2012), *with McKellar*, 101 Fed. Cl. 297. Other factors often considered include the amount of outstanding attorneys' fees, the amount of outstanding expert costs, and the length of time the case has been pending. *Chinea v. Sec'y of Health & Human Servs.*, No. 15-95V, 2019 WL 3206829 (Fed. Cl. Spec. Mstr. June 11, 2019).

In this case I exercise my discretion to permit an interim award in light of the following: This case has been pending for four years with no prior request for any interim award. The award in question is for departing counsel. The entitlement hearing is still months into the future, leaving the ultimate timing to resolution of the case unclear. The amounts at issue for both fees and costs favor an interim award.

## III.  Amount of the Award

The determination of the amount of reasonable attorneys' fees is within the special master's discretion. *See, e.g. Saxton v. Sec'y of Health & Human Servs.,* 3 F.3d 1517, 1520 (Fed. Cir. 1993). Special Masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). Moreover, special masters are entitled to rely on their own experience and understanding of the issues raised. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991) *aff'd in relevant part,* 988 F.2d 131 (Fed. Cir. 1993) (per curiam). Special Masters use the lodestar approach to determine what constitutes reasonable attorneys' fees under the Vaccine Act. *Avera*, 515 F.3d at 1347. The lodestar approach involves first determining "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Avera*, 515 F.3d at 1347–48 *(*quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Once a court makes that initial calculation, it may then make an upward or downward departure to the fee award based on other specific findings. *Id*.

Here, Ms. Gallagher requests total attorneys' fees of $88,011.00. (ECF No. 80, p. 3.) Based on my review of the billing records, the requested hourly rates are all consistent with what Ms. Gallagher has been awarded in prior cases with the exception of a de minimis number of hours in 2022 for which prior rates were not established. Upon my review, the hours billed are reasonable. Accordingly, the requested attorneys' fees are awarded in full.

Expert costs are also subject to the same reasonableness requirements as attorneys' fees. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992) ("The conjunction 'and' conjoins both 'attorneys' fees' and 'other costs' and the word 'reasonable' necessarily modifies both. Not only must any request for reimbursement of attorneys' fees be reasonable, so also must any request for reimbursement of costs."). This is assessed using the same type of lodestar calculation used to determine attorneys' fees. Thus, expert costs must be assessed with regard to whether the quality of the work product ultimately aligns with the hours and rates requested. *See Gruber v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, 796-798 (2010) (holding that the special master was justified in reducing expert fees given the "level of work performed").

Here, Ms. Gallagher requests reimbursement of $42,372.50 for Dr. Yuval Shafrir's preparation of three expert reports. (ECF No. 80, p. 3.) His invoice is dated March 31, 2022, and requests an hourly rate of $450 per hour for work performed between April 2019 and March 2022. (ECF No. 80-3, pp. 5-7.) Although the hours billed appear reasonable, Dr. Shafrir has consistently been reimbursed at a rate of $350 per hour for his work preparing expert reports in this program. *E.g. Thompson v. Sec'y of Health & Human Servs.*, No. 15-671V, 2022 WL 1075391, at *6 (Fed. Cl. Spec. Mstr. Feb. 22, 2022) (indicating Dr. Shafrir requested $350 per hour and noting it has been awarded in numerous prior cases); *Harris v. Sec'y of Health & Human Servs.*, No. 18-944V, 2021 WL 2285295, at * 3 (Fed. Cl. Spec. Mstr. May 10, 2021) (same). Though it is entirely possible that a rate increase might be justified in a later filing for future work, petitioner has not provided any argumentation to support an increase in Dr. Shafrir's rate and I am not aware of any decisions wherein special masters have awarded a higher rate or discussed an increase in Dr. Shafrir's customary rate. Accordingly, the requested rate is not supported on this record and Dr. Shafrir's work will be reimbursed at the rate of $350 per hour. This results in a reduction of $9,416.50.[4]

The remainder of the requested costs are reasonable.

### IV.     Conclusion

---

[4] Dr. Shafrir did not include a total tally of his hours. This calculation was reached by dividing the total request of $42,372.50 by the requested hourly rate to determine a total number of 94.16 hours. That figure was multiplied to reach a new total of $32,956.00, which is $9,416.50 less than the requested amount.

5

      In light of the above, petitioner's application for interim attorneys' fees and costs is **GRANTED** with reductions and:

> **Petitioner is awarded a lump sum in the amount of $122,343.84, representing reimbursement for interim attorneys' fees and costs, in the form of a check made payable to petitioner and her counsel, Carol L. Gallagher, Esq.**

      In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[5]

**IT IS SO ORDERED.**

                                                                    **s/Daniel T. Horner**
                                                                    Daniel T. Horner
                                                                    Special Master

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).